UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| EDWARD J. NIKSICH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV- 211 TS |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Edward J. Niksich, a *pro se* prisoner, filed a Habeas Corpus Petition to challenge his November 7, 1990, murder conviction in the Lake County Superior Court, docket number 45604-9005-CF-00094. [Petition for Writ of Habeas Corpus, DE 1 at 1]. Based upon review of his petition, it is untimely.

Habeas corpus petitions are subject to a one year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

None of the grounds raised in Niksich's Habeas Corpus Petition is based on a newly-recognized constitutional right nor newly-discovered evidence. Nor does he ever suggest that the State of Indiana physically prevented him from filing a habeas corpus petition. As a result, the deadline to file the habeas petition is determined under 28 U.S.C. § 2244(d)(1)(A).

After his conviction and sentence, Niksich appealed to the Indiana Court of Appeals. Although that court affirmed his conviction on January 28, 1992, Niksich indicates he did not seek transfer to the Indiana Supreme Court. [DE 1 at 2]. Consequently, his conviction became final when the time to seek transfer to the Indiana Supreme Court expired on February 28, 1992. Ind. R. App. P. 57(c)(2). Because his conviction became final before the Antiterrorism and Effective Death Penalty Act's ("AEPDA's") April 24, 1996, effective date, under *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002), Niksich's 1-year limitations period to file this habeas petition ended April 24, 1997, unless tolled.[1]

On September 29, 2004, Niksich filed a state petition for post-conviction relief, which the trial court denied on February 23, 2006. Because he filed the post-conviction relief petition more than seven years after the habeas filing deadline expired, however, it did not trigger the tolling provisions of § 2244(d)(2). *See* 28 U.S.C. § 2244(d)(2) (tolling the time during which a "*properly filed* application for State post-conviction or other collateral review" is pending) (emphasis added); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (noting that because the state petition was untimely § 2244(d)(2) did not exclude the time it was pending).

---

[1] Niksich filed a state petition for post-conviction review on December 15, 1995, but he voluntarily withdrew it on February 27, 1996. [DE 1-3 at 4].

Niksich filed this Petition in federal court on May 1, 2008, more than seven years after the deadline to do so ended. Therefore, this Habeas Petition is late and must be dismissed as untimely.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 Governing Section 2254 Habeas Corpus Cases.

For the foregoing reasons, this Habeas Corpus Petition is **DISMISSED** as untimely pursuant to Rule 4. The Motion for Leave to Proceed *In Forma Pauperis* [DE 2] is **DENIED AS MOOT**.

SO ORDERED on August 25, 2008.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION