# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| EDWARD J. NIKSICH, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:08-CV- 211 TS |
| STANLEY KNIGHT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Judgment [DE 7], filed by Plaintiff Edward J. Niksich, a *pro se* prisoner. Niksich asks the Court to reconsider its August 25, 2008, Order [Opinion and Order, DE 5] dismissing his *habeas corpus* petition as untimely under 28 U.S.C. § 2244(d). Niksich brings his Motion pursuant to Federal Rule of Civil Procedure 60(b), which he contends is proper when a party "wishes the Court to reconsider claims it has decided erroneously." (Motion 2.)

Rule 60 provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P 60(b). Here, Niksich's claim for relief does not fall under any of the reasons cited in subsections (1)–(5) of Rule 60(b). Thus, his only avenue of relief is under subsection (6), the

"catchall" provision that allows a court to reconsider the judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this section is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust. *Margoles v, Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (citing *Ackerman v. United States*, 240 U.S. 193 (1950)).

The Court's Order dismissing the petition as untimely used the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, *see* § 2244(d)(1)(A), as the date from which the period of limitations began to run. The Court also noted that although Niksich filed a post-conviction petition in the trial court on September 29, 2004, which the trial court denied on February 23, 2006, his post-conviction petition did not trigger 28 U.S.C.§2244(d)(2)'s tolling provision because he filed it more than seven years after the deadline expired. Niksich now contends that the State created an impediment to filing his petition and that this Court was wrong to state that he never "suggest[ed] that the State of Indiana physically prevented him from filing a habeas corpus petition." He maintains that despite his repeated requests for his trial transcripts starting in July of 1998, he did not get them until April 16, 2004, and that pursuant to § 2244(d)(1)(B), the Court should have equitably tolled the time to file the petition throughout the years he spent trying to get the transcripts. To show that the state prevented him from filing his petition sooner, Niksich details the numerous written requests for the transcripts that he filed in state court. Niksich claims he submitted eleven requests, all of which the state court denied. [DE 7-2 at 2-3].

Equitable tolling is rarely granted. *Jones v Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Moreover, in *Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002), the Seventh Circuit observed:

> Although neither § 2244 nor this circuit has defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.

The court determined that "the state's alleged refusal here to provide Mr. Lloyd with a complete transcript does not justify equitable tolling." *Id.*

Here, Niksich's chronicle of the requests he made shows that the state did not prevent him from writing to the state court. He does not assert, and there is no basis to conclude, that during that time he could not also write to this Court. Similarly, there is no reason to conclude he was prevented from filing either a basic post-conviction relief petition in state court along with a motion to obtain the trial court record and a motion to amend after its receipt and review. By the same token, he was not prevented from filing a basic federal habeas corpus petition in this Court along with a motion to stay and amend pending the exhaustion of his state court proceedings. Because the lack of a complete state court record did not prevent Niksich from filing a petition, the Court did not incorrectly find that he was not physically prevented from filing a petition so as to apply § 2244(d)(1)(B)'s tolling provision to delay the start of the 1-year period of limitation. The Court properly found the 1-year period of limitation began as provided for in § 2244(d)(1)(A).

Niksich has not shown extraordinary circumstances that create a substantial danger that the underlying judgment was unjust, and he is not entitlement to relief under Rule 60(b). His Motion to Reconsider Judgment [DE 7] is **DENIED**.

SO ORDERED on February 10, 2009.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION